COMMONWEALTH OF VIRGINIA

ARLINGTON CIRCUIT COURT
Civil Division
1425 NORTH COURTHOUSE RD
ARLINGTON VA
(703) 228-7010

Summons

To: JOHNSON & FRIEDMAN LLC
SERVE: LARRY W. JOHNSON
1587 N.E. EXPRESSWAY
ATLANTA GA 30329

Case No. 013CL13002953-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, December 04, 2013

Clerk of Court: PAUL F. FERGUSON

by ______________________
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:

DEFENDANT'S
EXHIBIT
A
tabbies

VIRGINIA:

IN THE CIRCUIT COURT FOR ARLINGTON COUNTY

RECEIVED
2013 NOV 26 PM 3:06
PAUL FERGUSON, CLERK
ARLINGTON CIRCUIT COURT

AMIR JAVED,

Plaintiff

v.

JOHNSON & FREEDMAN, L.L.C.,
1587 N.E. Expressway
Atlanta, GA 30329,

Serve:

Larry W. Johnson
Senior Managing Partner
1587 N.E. Expressway
Atlanta, GA 30329,

Defendant.

Civil Action No. 13-2953

COMPLAINT

Plaintiff Amir Javed ("Javed"), by his undersigned counsel, brings this action against Defendant Johnson & Freedman, L.L.C. ("J&F"), and for his complaint in this action states as follows:

1. This Court has jurisdiction of this case under 15 U.S.C. § 1692k(d) as one of "competent jurisdiction" within the meaning of that section.

2. Plaintiff Javed (an individual) resides in Arlington County as he did at the time of Defendants' actions alleged herein.

3. Defendant J&F, an entity which purports to be a law firm but which in reality is little more than what is known in common parlance as a collection mill, has an office at 1587 N.E. Expressway, Atlanta, GA 30329, and its website states that "Johnson & Freedman, LLC is . . . a full service law firm primarily serving the financial services industry" and that "[w]e represent the industry in mortgage foreclosure, bankruptcy, litigation, closings, eviction, replevin, commercial litigation, collections, and general real estate issues."

4. One type of debt for which J&F is in the business of collection is student loans, and the student loans that Defendant by its correspondence, telephone calls, and other means of communication regularly collects or attempts to collect, or collected or attempted to collect, are or were owed by or due from or asserted to be owed by or due from individuals in their individual capacity for education that individuals received for their personal benefit rather than for any business or professional purpose.

5. Defendant J&F has over the past several years contacted thousands of student loan borrowers in its effort to collect alleged student loan indebtedness.

6. Defendant regularly uses or used the mails, telephone, and other instrumentalities of interstate commerce in its collection of or attempts to collect debts owed or due or asserted to be owed or due for student loans by consumers.

7. On or about May 31, 2013, J&F mailed to Javed a letter of that date, and a true and correct copy of that letter (with account numbers deleted) is attached hereto as a part of the Exhibit.

8. The debt that J&F referred to in that letter is for a debt that Javed allegedly incurred for his education for personal purposes.

COUNT I
15 U.S.C. §§ 1692e

9. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 8 as if the same were fully set forth herein.

10. The May 31 letter from J&F states that "[b]ecause of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater."

11. This statement is false because no late charges or other charges that may vary from day to day were accruing at the time of the letter or thereafter.

12. The statement that such charges might accrue would convey to the consumer reading the letter the impression that the consumer needed to make immediate payment in order to avoid such charges when in fact no payment would be required to avoid such charges.

COUNT II
15 U.S.C. §§ 1692g(a)(4)

13. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 12 as if the same were fully set forth herein.

14. The May 31 letter was the initial communication by J& F with Javed, and J&F sent nothing in writing to Javed within five days after that communication.

15. The letter states that "[i]f you notify this office in writing within thirty (30) days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification."

16. The letter fails to state that if Javed notified J&F in writing within thirty days after receiving the notice <u>that the debt, or any portion thereof, is disputed</u>, the debt collector will obtain verification of the debt or a copy of <u>a judgment against the consumer</u> and a copy of such verification or judgment will be mailed to Javed by J&F.

COUNT III
15 U.S.C. §§ 1692e

17. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 16 as if the same were fully set forth herein.

18. At 9:30 a.m. on September 19, 2013, a representative of Defendant who identified himself as Scott Windsor called Plaintiff's counsel from the number 770-234-9181 and stated that he was calling to discuss the debt of Amir Javed.

19. The statement by this individual that his name was Scott Windsor was false inasmuch as that was not his name.

20. The true identity of an individual contacting a consumer in an effort to collect a debt is important because the consumer needs to know the identity of that individual so that the individual can be sued if the individual violates the Fair Debt Collection Practices Act.

21. A consumer may wish to assert rights against an individual rather than the entity debt collector employing the individual because the entity debt collector (as in the case of Wolpoff & Abramson) may not be solvent.

COUNT IV
15 U.S.C. §§ 1692e(11)

22. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 21 as if the same were fully set forth herein.

23. The individual who contacted Plaintiff's counsel on September 19, 2013, failed to state that the communication from him was a communication from a debt collector.

COUNT V
15 U.S.C. §§ 1692c(c)

24. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 23 as if the same were fully set forth herein.

25. Defendant J&F received the letter attached hereto as an Exhibit by fax on July 27, 2013.

26. That letter advised Defendant that "under no circumstances are you to make telephone calls to this office."

27. Nothwithstanding Defendant's receipt of the cease and desist letter attached hereto as an Exhibit, Defendant through the employee falsely identified as Scott Windsor contacted Plaintiff's counsel by telephone on September 19.

WHEREFORE, Plaintiff prays for judgment against Defendants for damages in the amount of $18,000.00 (eighteen thousand dollars), including actual and statutory damages, plus

her reasonable attorney's fees incurred in this action, together with pre-judgment interest and the costs of this action.

AMIR JAVED
By Counsel

Ernest P. Francis

Ernest P. Francis
VSB#27276
ERNEST P. FRANCIS, LTD.
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
(703) 683-5696
Fax (703) 683-2785

Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues triable of right by a jury.

Ernest P. Francis

Ernest P. Francis

# EXHIBIT

ERNEST P. FRANCIS, LTD.
*Attorney at Law*

1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
(703) 683-5696
Fax (703) 683-2785

July 26, 2013

By Fax and Certified Mail

Johnson & Freedman, L.L.C.
1587 N.E. Expressway
Atlanta, GA 30329

Re: Amir Javed
Alleged Creditor: SLM Private Credit Student Loan Trust
Acct. No. 589025583-0101
JF #123648
Alleged Balance: $54,526.10

To whom it may concern:

Please be advised that this office represents the above referenced individual, Amir Javed, who received from you a letter dated May 31, 2013, (copy enclosed) regarding the above referenced alleged debt. You are to have no further communication with Mr. Javed of any sort. To the extent that further communication is both permitted under the Fair Debt Collection Practices Act ("FDCPA") and consistent with the instructions set forth in this letter, any such communication must be directed to this office.

Mr. Javed disputes any alleged debt you are trying to collect from him in its entirety, and he hereby requests the name and address of the original creditor if different from the current creditor. Your letter does not provide us with a clue as to the nature of the alleged debt. It is little more than a statement of what you contend that my client owes. Verification of the debt therefore requires at a minimum (in our view) that you provide: (a) any application by my client to the alleged creditor for the credit extended; (b) any agreement between my client and the alleged creditor concerning the alleged debt; (c) all documents showing any actual extension of credit to my client by the alleged creditor; (d) all periodic statements or other documents that the alleged creditor sent to my client for the debt; and (e) a statement as to what part of the debt is interest, principal, or some other amount, how the amounts of interest and principal were calculated, and the nature and amount of any sums other than principal or interest. Finally, we also request that you provide whatever documentation establishes your authority to collect the debt(s) that you have demanded that my client pay.

We also demand that, except to the extent that you supply written verification of this debt, you cease and desist from any further efforts to collect this debt, including communications with this office. The foregoing sentence is not permission for you to make any further attempt to collect this debt after or in addition to providing verification of the debt or identifying the original creditor for the debt and supplying his, her, or its address. My client refuses to pay this debt; my client will not pay this debt irrespective of the number of attempts that you or your affiliates make to collect this debt. Under no circumstances are you to make telephone calls to this office. To the extent that you do persist in your attempts to collect this debt, we will seek whatever relief may be available under statutes such as the FDCPA.

We thank you for your anticipated compliance with the directives set forth herein as to your future conduct. We will be evaluating your firm's conduct to insure that it complies with the FDCPA. Nothing stated herein implies that you have not violated the FDCPA. If we determine that a violation has occurred, we will seek relief in the appropriate forum and provide you with whatever notice is required by law for any such proceeding. In the interim we trust that the foregoing fully resolves this matter as far as your attempts to collect this disputed debt are concerned.

Very truly yours,

Ernest P. Francis

Ernest P. Francis

**JOHNSON & FREEDMAN, L.L.C.**
ATTORNEYS AND COUNSELORS AT LAW
1587 N.E. EXPRESSWAY
ATLANTA, GA 30329
TEL (404) 486-2344
TOLL FREE (853) 655-1298
FAX (404) 329-8106

May 31, 2013

AMIR JAVED
305 10TH ST S APT 3305
ARLINGTON, VA 22202-5436

---

RE: Creditor: SLM PRIVATE CREDIT STUDENT LOAN TRUST
Account No.: 589035583-0101
JF#123648

Dear AMIR JAVED:

Please be advised that above referenced account has been placed with this firm for collection. __At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.__

As of the date of this letter, you owe $54,526.10. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, contact the undersigned firm by calling us at the above phone number and referencing the file number indicated above.

If you dispute this debt or any portion thereof, you are urged to take advantage of your right to dispute this debt as described in the notice below.

__CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692 g__

**Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. Upon your written request, within (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

This letter was not signed by any individual attorney. The firm's name was printed as a signature block.

Sincerely,

Johnson & Freedman, LLC

**This is an attempt to collect a debt and any information obtained will be used for that purpose. This letter is from a debt collector.**